Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VIII

| | | |
|---|---|---|
| BRYAN HERNÁNDEZ AGUILA<br><br>Recurrente<br><br>v.<br><br>J.A.P.P. AUTO LOGISTIC, INC.<br><br>Recurrido | TA2026RA00065 | *Revisión de Decisión Administrativa* procedente del Departamento de Asuntos del Consumidor<br><br>Querella Núm.: ARE-2025-0007070<br><br>Sobre: Incumplimiento Garantía, Vicios Ocultos, Reparación Defectuosa, etc. |

Panel integrado por su presidenta; la Juez Lebrón Nieves, el Juez Pagán Ocasio y la Jueza Álvarez Esnard

*Lebrón Nieves, Juez Ponente*

## SENTENCIA

En San Juan, Puerto Rico, a 28 de abril de 2026.

El 13 de febrero de 2026, compareció ante este Tribunal de Apelaciones el señor Bryan Hernández Águila (en adelante, señor Hernández Águila o recurrente), mediante recurso de *Revisión Judicial*. A través de este, nos solicita que revisemos la *Resolución en Reconsideración* emitida el 27 de enero de 2026 y notificada al día siguiente 28 de enero de 2026, por el Departamento de Asuntos del Consumidor (en adelante, la DACo). Mediante la referida *Resolución*, el DACo enmendó la Orden emitida el 25 de septiembre de 2025.

Por los fundamentos que expondremos a continuación, se *confirma* el dictamen recurrido.

**I**

Conforme surge del expediente ante nuestra consideración, el 19 de mayo de 2025, el recurrente Bryan Hernández Águila interpuso ante el DACo la Querella número ARE-2025-0007070 en

contra del señor José A. Pérez Pérez H/N/C JAPP Auto Logistic y JAPP Auto Logistic, Inc.

Acaecidas varias incidencias procesales innecesarias pormenorizar, el 18 de septiembre de 2025, se celebró la Vista Administrativa.

Durante la aludida vista administrativa, desfiló el testimonio del recurrente, el señor Hernández Águila. A su vez, por la parte recurrida, quien estuvo representada por el licenciado Orville O. Valentín Rivera, declararon los testigos José A. Pérez Pérez y Luis Pérez Guzmán, este último, como administrador del negocio querellado.

Asimismo, la parte recurrida sometió y fueron admitidos en evidencia, los siguientes documentos:

Exhibit 1 – contrato JAPP AUTO LOGISTIC

Exhibit 2 – certificado de garantía 14/mayo/25

Exhibit 3 – documento del 11 de junio de 2025

Exhibit 4 – DK AUTOWORKS INVOICE 5 /22/ 2025

Exhibit 5 – documento del 21 de junio del 2025

Exhibit 6 - DK AUTOWORKS INVOICE 8/8/2025

Exhibit 7 – 17 – SEPT. – 2025 – CESCO DIGITAL

Exhibit 8 – DTOP – licencia de concesionario del 28 de febrero de 2025 – al – 1 de marzo de 2026.

Conforme surge del expediente, el 25 de septiembre de 2025, el DACo emitió *Resolución* a base de la prueba documental y testifical desfilada, en la cual hizo las siguientes determinaciones de hechos:

1. El 16 de mayo de 2025, el querellante BRYAN HERN[Á]NDEZ [Á]GUILA radic[ó] una querella administrativa en esta agencia contra el negocio querellado. El día 19 de mayo de 2025, se notific[ó] la querella a los litigantes de título. El día 10 de junio de 2025, el representante legal del negocio querellado sometió al foro la CONTESTACI[Ó]N A QUERELLA – Y – DEFENSAS AFIRMATIVAS.

2. El día 14 de mayo de 2025, el querellante adquirió mediante compraventa en el negocio querellado un vehículo de motor usado marca BMW modelo X 3 del 2019. Con garantía de vehículos de motor usado de 2 meses o 2 mil millas contados desde la fecha de entrega del vehículo.

3. Surge de la grabación de la audiencia, que a la fecha de vista administrativa el vehículo marca BMW – 2019 propiedad del querellante tenía trazos de filtración de aceite. Tal circunstancia está relacionada a la garantía de vehículo de motor usado.

Por igual, en su *Resolución*, el DACo dispuso la siguiente Orden:

Se ordena a JOS[É] A P[É]REZ P[É]REZ H/N/C JAPP AUTO LOGISTIC — JAPP AUTO LOGISTIC INC. a que, dentro de un plazo de 20 días contados a partir de la fecha de notificación de esta orden, repare satisfactoriamente todo lo relacionado a trazos de filtración de aceite en el vehículo de motor BMW - 2019 objeto de querella. La reparación tiene que ser certificada por un mecánico automotriz con numero de licencia. El querellante tiene que depositar el vehículo en el negocio querellado en días laborales y en horas laborales para viabilizar la ejecución de lo aquí ordenado.

Se apercibe a la parte querellada que, de no cumplir con lo ordenado en la presente Resolución, este Departamento podrá imponerle una multa administrativa de hasta diez mil dólares ($10,000) y se tomará la acción legal correspondiente para el cobro de esta. El pago de la expresada multa no le relevará de cumplir con todo lo ordenado en la presente Resolución. Este Departamento solicitará el auxilio del Tribunal de Primera Instancia para hacer cumplir la misma.

El 6 de octubre de 2025, el recurrente presentó oportunamente *Moción de Reconsideración*. Por su parte, el 6 de noviembre de 2025, el recurrido presentó su escrito en oposición.[1]

El 27 de enero de 2026, el DACo emitió *Resolución en Reconsideración*, la cual se recurre. En la misma dictó la siguiente Orden:

Por los fundamentos antes expuestos, se enmienda la orden emitida por DACO el 25 de

---

[1] El título de la moción es *Oposición a Apelación y acreditación de cumplimiento con la Resolución Administrativa*. Por inadvertencia, el recurrente sometió su *Moción de Reconsideración* bajo el formulario administrativo correspondiente, pero con el título de *Apelación*. Es por ello que, al responder, los recurridos intitularon su escrito *Oposición a Apelación*. Este escrito fue acogido por la agencia como una oposición a reconsideración.

septiembre del 2025 en el presente caso para que lea como sigue:

Se ordena a Bryan Hernández [Á]guila para que en un término de veinte (20) días calendarios improrrogables a partir de la fecha de notificación de la presente orden, lleve el vehículo y unidad BMW X-3 del año 2019, objeto de controversia al concesionario querellado. Para ello, el querellado le otorgará al querellante y por escrito una hoja de apertura de servicio con fecha y hora de haber dejado el vehículo en reparación. De incumplir el querellante lo ordenado dentro del término, se decreta el archivo con perjuicio y cierre definitivo de la querella, sin más citarle ni oírle.

En la alternativa que el concesionario tenga la unidad en su posesión o se la lleve el querellante dentro del término ordenado para reparar; se concede y ordena a **J.A.P.P. Auto Logistic Inc y a José A. Pérez Pérez h/n/c JAPP Auto Logistic** para que en un término de **veinte (20) días calendarios improrrogables** a partir de la entrega de la unidad o desde la notificación de la presente orden de estar en su posesión, para que entregue al querellante la unidad controvertida debidamente reparada en su totalidad en cuanto al liqueo de aceite de motor.

El querellante Hernández una vez recibida la unidad, si entiende que persiste el liqueo de aceite o que la reparación fue defectuosa, éste deberá evidenciarlo por escrito a DACO con un informe pericial de un técnico automotriz con su número de licencia y firmado por dicho técnico dentro del término de treinta (30) días calendarios desde recibida la unidad. El concesionario deberá entregar al querellante una hoja de servicio final detallada con la labor realizada, fecha y hoja de entrega. Deberá incluir dicho informe fotos actualizadas al momento de la inspección. Copia del escrito de incumplimiento le será enviado a la parte querellada dealer y a su abogado. Transcurrido los treinta (30) días sin presentar el querellante el escrito de incumplimiento como ordenado, se presume reparada la unidad.

De la reparación no ser final, estar defectuosa conforme lo antes ordenado y los parámetros de la mecánica y se cumpla con el escrito de incumplimiento y evidencia al respecto; se decreta la resolución y cancelación del contrato de compraventa llevado a cabo entre las partes el 14 de mayo de 20[2]5 con la devolución total de las prestaciones. Se ordena a **J.A.P.P Auto Logistic Inc y a José A. Pérez Pérez h/n/c JAPP Auto Logistic a que de manera solidaria** le paguen y/o reembolsen al querellante **Bryan Hernández [Á]guila** la cantidad de **$16,000.00** en un término de veinte (20) días calendarios a partir de la presentación del escrito de incumplimiento presentado en DACO con la evidencia pertinente, dicha cuantía devengará el interés legal prevaleciente a partir de la notificación de la presente resolución en reconsideración hasta su cumplimiento total conforme

las tablas de intereses establecidas por el Comisionado de Instituciones Financieras de PR para las sentencias judiciales.

Una vez el querellante Hernández reciba la totalidad del dinero ordenado, deberá entregar y devolver inmediatamente la unidad adquirida y descrita previamente al concesionario si transita. De no transitar lo notificará al concesionario y el dealer estará obligado a recogerla en la residencia del querellante a costas del dealer.

**Contra la presente Resolución en reconsideración solo procederá un recurso de revisión judicial ante el Tribunal de Apelaciones, dentro del término jurisdiccional de treinta (30) días calendarios a partir del archivo en autos de la notificación de esta resolución.**

La radicación de una solicitud de revisión judicial no suspenderá los efectos de una resolución final del Departamento. La decisión del Secretario, del Funcionario o Panel de Jueces; permanecerá en todo su vigor y efecto hasta tanto no haya una decisión del Tribunal de Apelaciones dejando sin efecto la misma o modificándola.

Inconforme aún, el 13 de febrero de 2026, el recurrente presentó la *Petición* que nos ocupa y esgrimió los siguientes señalamientos de error:

1. Erró DACO al no admitir evidencia pertinente y material presentada durante la vista administrativa.

2. Erró al no considerar el informe oficial de la Policía que demuestra la operación ilegal de concesionario.

3. Erró al no aplicar el Reglamento del Vehículo Sustituto.

4. Erró al no decretar la nulidad del contrato pese a las violaciones sustanciales y la persistencia del defecto.

5. Erró al imponer al consumidor la carga económica de contratar un perito adicional tras múltiples fallidos de reparación.

El 10 de marzo de 2026, emitimos *Resolución*, en la cual concedimos a la parte recurrida hasta el 8 de abril de 2026, para presentar su oposición al recurso. Subsiguientemente, el 31 de marzo de 2026, le ordenamos al DACo que, dentro del mismo

término previamente dispuesto, nos sometiera copia del expediente administrativo.

En cumplimiento, el 8 de abril de 2026, el DACo presentó una *Moción en Cumplimiento de Orden,* donde certificó haber sometido una copia del expediente administrativo ARE-2025—0007070.

A su vez, y luego de haber recibido una prórroga para ello, compareció el recurrido mediante un *Alegato en Oposición a Petición de Revisión Administrativa.* Con el beneficio de la comparecencia de las partes, procedemos a resolver.

**II**

**A. *Revisión de Determinaciones Administrativas***

Según es sabido, los tribunales apelativos debemos otorgar amplia deferencia a las decisiones emitidas por las agencias administrativas, puesto que, estas cuentan con vasta experiencia y pericia para atender aquellos asuntos que se les han sido delegados por la Asamblea Legislativa. *Vázquez et al. v. DACo*, 2025 TSPR 56, pág. 25, 216 DPR ___ (2025); *Katiria's Café v. Mun. de San Juan*, 2025 TSPR 33, pág. 10, 215 DPR ___ (2025); *Hernández Feliciano v. Mun. Quebradillas*, 211 DPR 99, 114 (2023); *OEG v. Martínez Giraud,* 210 DPR 79, 87-89 (2022); *Pérez López v. Depto. Corrección,* 208 DPR 656, 672 (2022); *Super Asphalt v. AFI y otro*, 206 DPR 803, 819 (2021). Es por ello, que, tales determinaciones suponen una presunción de legalidad y corrección, que a los tribunales nos corresponde respetar, mientras la parte que las impugne no presente prueba suficiente para derrotarlas. *Katiria's Café v. Mun. de San Juan,* supra; *Transp. Sonnell v. Jta. Subastas ACT*, 214 DPR 633, 648 (2024); *Hernández Feliciano v. Mun. Quebradillas*, supra. No obstante, tal norma no es absoluta, es por lo que, nuestro Máximo Foro ha enfatizado que no podemos imprimirle un sello de corrección, so pretexto de deferencia a las determinaciones

administrativas que sean irrazonables, ilegales o contrarias a derecho.

En *Torres Rivera v. Policía de Puerto Rico*, 196 DPR 606, 628 (2016), nuestro Tribunal Supremo resumió las normas básicas en torno al alcance de la revisión judicial de la forma siguiente:

> [L]os tribunales deben deferencia a las decisiones de una agencia administrativa, pero tal deferencia cederá cuando: (1) la determinación administrativa no está basada en evidencia sustancial; (2) el ente administrativo erró en la aplicación o interpretación de las leyes o reglamentos que se le ha encomendado administrar; (3) el organismo administrativo actuó arbitraria, irrazonable o ilegalmente, realizando determinaciones carentes de una base racional, o (4) la actuación administrativa lesionó derechos constitucionales fundamentales. Es importante destacar que si el tribunal no se encuentra frente a alguna de esas situaciones, aunque exista más de una interpretación razonable de los hechos procede que se valide la interpretación que realizó la agencia administrativa recurrida.

El criterio rector bajo el cual los tribunales deben revisar las decisiones administrativas es el criterio de razonabilidad. *Hernández Feliciano v. Mun. Quebradillas*, supra, pág. 115; *OEG v. Martínez Giraud*, supra, pág. 90; *Super Asphalt v. AFI y otro*, supra, pág. 820; *Graciani Rodríguez v. Garaje Isla Verde*, 202 DPR 117, 127 (2019); *Torres Rivera v. Policía de PR*, supra, pág. 626. Bajo este criterio, se limita la revisión judicial a dirimir si la agencia actuó de forma arbitraria o ilegal, o de manera tan irrazonable que su actuación constituya un abuso de discreción. *Íd.*; *Pérez López v. Depto. Corrección*, supra, pág. 673; *Super Asphalt v. AFI y otro*, supra, pág. 819-820; *Rolón Martínez v. Supte. Policía*, 201 DPR 26, 36 (2018); *Batista, Nobbe v. Jta. Directores*, 185 DPR 206, 216 (2012).

Bajo este supuesto, la Sección 4.5 de la Ley Núm. 38 del 30 de junio de 2017, 3 LPRA 9675, conocida como la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico (LPAU), "estableció el marco de revisión judicial de las agencias

administrativas". *Rolón Martínez v. Supte. Policía*, supra, pág. 35. La intervención del tribunal se limita a tres áreas, a saber: (1) si el remedio concedido por la agencia fue apropiado; (2) si las determinaciones de hecho que realizó la agencia están sostenidas por evidencia sustancial que obra en el expediente administrativo visto en su totalidad, y (3) si las conclusiones de derecho del ente administrativo fueron correctas. *Íd.* págs. 35-36; *Hernández Feliciano v. Mun. Quebradillas*, supra; *OEG v. Martínez Giraud*, supra*;* pág. 89; *Torres Rivera v. Policía de PR*, supra, págs. 626-627; *Batista, Nobbe v. Jta. Directores*, supra, pág. 217; Sec. 4.5 de la LPAU, 3 LPRA § 9675.  Nuestro Máximo Foro, ha expresado que, esta intervención "debe ocurrir cuando la decisión administrativa no se fundamente en evidencia sustancial o cuando la agencia se equivoque en la aplicación de la ley". *Rolón Martínez v. Supte. Policía*, supra, pág. 36. Siendo así, aquellas determinaciones de hechos formuladas por el ente administrativo deberán sostenerse cuando estén basadas en evidencia sustancial que surja del expediente administrativo considerado en su totalidad. *Íd.*; *Hernández Feliciano v. Mun. Quebradillas*, supra; *OEG v. Martínez Giraud,* supra, pág. 90; *Super Asphalt v. AFI y otro,* supra.

Por otro lado, las determinaciones de derecho pueden ser revisadas en su totalidad. *Rolón Martínez v. Supte. Policía,* supra; *Torres Rivera v. Policía de PR*, supra, pág. 627; Sec. 4.5 LPAU, 3 LPRA sec. 9675. No obstante, los tribunales deberán darles peso y deferencia a las interpretaciones que la agencia realice de aquellas leyes particulares que administra. *Rolón Martínez v. Supte. Policía*, supra, págs. 36-37; *Torres Rivera v. Policía de PR*, supra. El Tribunal Supremo ha dispuesto que, la deferencia que le deben los tribunales a la interpretación que haga el ente administrativo sobre aquellas leyes y reglamentos que le corresponde poner en vigor, cede si la agencia: "(1) erró al aplicar la ley; (2) actuó arbitraria, irrazonable o

ilegalmente, o (3) lesionó derechos constitucionales fundamentales". *Íd.* págs. 627-628; *OEG v. Martínez Giraud*, supra.

Finalmente, nuestra más Alta Curia ha expresado que, conforme lo anterior, el criterio administrativo no podrá prevalecer en aquellas instancias donde la interpretación estatutaria realizada por una agencia provoque un resultado incompatible o contrario al propósito para el cual fue aprobada la legislación y la política pública que promueve. Así, "la deferencia judicial al *expertise* administrativo, concedido cuando las agencias interpretan la ley, tiene que ceder ante actuaciones que resulten irrazonables, ilegales o que conduzcan a la comisión de una injusticia". *Íd.* págs. 90-91.

### B. *Facultades del Departamento de Asuntos del Consumidor*

El Departamento de Asuntos del Consumidor fue creado mediante la Ley Núm. 5 de 23 de abril de 1973, según enmendada, conocida como la *Ley Orgánica del Departamento de asuntos del Consumidor*, 3 LPRA sec. 341. Este fue creado con el propósito primordial de vindicar e implementar los derechos del consumidor. Art. 3 de la Ley Núm. 5 de 23 de abril de 1973, *supra*, 3 LPRA sec. 341b; *Martínez v. DACo*, 163 DPR 594, 600 (2004); *DACo v. Fcia. San Martin*, 175 DPR 198, 204 (2009). Esta ley, le impone al Secretario de DACo, "el deber ministerial de promover y velar por el cumplimiento *de todas* las leyes, las reglas, los reglamentos y las órdenes que afecten los intereses del consumidor". *Íd.* págs. 204-205. (Citas omitidas).

En sintonía con lo anterior, la referida ley le concede al Secretario del DACo varios poderes y facultades, entre estos se encuentra el atender, investigar y resolver las queja y querellas que los consumidores presenten y servicios adquiridos o recibidos por parte del sector privado de la economía. Art. 6(c) de la Ley Núm. 5 de 23 de abril de 1973, *supra*, 3 LPRA sec. 3418(e). Además, cuenta con la facultad de "poner en vigor, implementar y vindicar los

derechos de los consumidores, tal como están contenidos en todas las leyes vigentes, a través de una estructura de adjudicación administrativa con plenos poderes para adjudicar las querellas que se traigan ante su consideración y **conceder los remedios pertinentes conforme a Derecho**". Art. 6(d) de la Ley Núm. 5 de 23 de abril de 1973, *supra*, 3 LPRA sec. 3418(e) (énfasis suplido).

Conforme a los poderes delegados, el DACo aprobó el Reglamento de Procedimientos Adjudicativos del DACo, Reglamento 8034 del 14 de junio de 2021. Lo anterior, con el fin de asegurar la solución justa, rápida y económica de las querellas presentadas ante o por el DACo y así promover un procedimiento uniforme para su adjudicación. Regla 1 del Reglamento 8034, *supra*. El referido reglamento aplica a las investigaciones y a los procedimientos administrativos sobre querellas iniciadas por los consumidores o por el DACo. Regla 3 del Reglamento 8034, *supra*.

Por otro lado, con el fin de garantizar la seguridad, salud y bienestar de la comunidad para evitar que vehículos de motor defectuosos, de gran potencialidad de daño al conductor y otros, transiten por las vías públicas del país, fue creada la Ley de Garantías de Vehículos de Motor, Ley 7 de 24 de septiembre de 1979, según enmendada. *Exposición de Motivos* de la Ley 7 de 24 de septiembre de 1979, *supra*. Mediante este estatuto, se le delegó al DACo la tarea de proteger a los consumidores de vehículos de motor frente a los intereses del vendedor, distribuidor y manufacturero. *Ortiz Rolón v. Soler Auto Sales et al.*, 202 DPR 689, 697 (2019); *Exposición de Motivos* de la Ley 7 de 24 de septiembre de 1979, *supra*.

La Ley 7 de 24 de septiembre de 1979, *supra*, además tiene como propósito proteger al consumidor de vehículos de motor nuevos y usados en Puerto Rico, asegurándole que los vehículos de motor que adquiera cuenten con la misma garantía de fábrica que

el fabricante o manufacturero les otorga a esos vehículos en el país donde se manufacturen, independientemente del lugar donde y de quien el consumidor haya adquirido tal vehículo. 10 LPRA sec. 2053. Así, le impone al fabricante o manufacturero de vehículos de motor la responsabilidad de honrar las garantías de fábrica de estos vehículos, y al distribuidor o vendedor la obligación de brindar al consumidor el servicio de garantía de fábrica en Puerto Rico. 10 LPRA sec. 2057. La Ley 7 de 24 de septiembre de 1979, *supra*, dispone que, el fabricante o manufacturero será responsable por aquellos daños que causen los defectos de fabricación, diseño, ensamble o manufactura de los vehículos de motor por él, fabricados o manufacturados. 10 LPRA sec. 2060.

En virtud de este estatuto, el DACo adoptó el Reglamento de Garantías de Vehículos de Motor, Reglamento 7159 del 6 de junio de 2006. *Ortiz Rolón v. Soler Auto Sales et al*, supra, pág. 697. Mediante este, el DACo buscó prevenir las prácticas ilícitas en las ventas de vehículos de motor, y así proteger a los consumidores al exigir que estos sean seguros y sirvan para los propósitos por los cuales fueron adquiridos. *Íd.*; Véase la Regla 2 del Reglamento 7159, *supra*. Según la Regla 4 del Reglamento 7159, *supra*, este deberá ser interpretado liberalmente a favor del consumidor.

La Regla 26 del Reglamento 7159, *supra*, dispone una prohibición de venta sobre los vehículos de motor usados sin garantía. Asimismo, exige que todo vendedor de vehículos de motor usados, conceda garantía en piezas y mano de obra basada en el millaje recorrido y en una escala específica. Regla 26.2 del Reglamento 7159, *supra*. El comprador también tendrá derecho a que el vehículo sea inspeccionado por un mecánico de su preferencia, antes de comprar el vehículo usado. Regla 26.3 del Reglamento 7159, *supra*.

Por otro lado, el aludido Reglamento expone que, en aquellas situaciones en las que envuelven riesgos inminentes a la seguridad de los ocupantes del vehículo, deberá ser recibido para reparación al momento en que el consumidor lo solicite, durante horas laborables. Regla 29.1 del Reglamento 7159, *supra*.

Por otro lado, la Regla 29.3 del Reglamento 7159, *supra*, plantea lo siguiente:

> El Departamento, podrá a opción del consumidor, decretar la resolución del contrato o reducir proporcionalmente su precio de venta de acuerdo a las disposiciones del Código Civil de Puerto Rico en aquellos casos en que el vendedor o su representante, dentro de los términos de la garantía, tuvo oportunidad razonable para reparar uno o más defectos, pero no quiso o no pudo corregirlos. Lo que constituye oportunidad razonable de reparar se determinará tomando en consideración las circunstancias particulares de cada caso.

### C. Los Contratos en General

Según es sabido, las obligaciones nacen de la ley, los contratos, los cuasicontratos, los actos ilícitos, de los actos u omisiones en las que interviene culpa o negligencia, y de cualquier otro acto idóneo para producirlas, conforme el ordenamiento jurídico. Art. 1063 del Código Civil de Puerto Rico, 31 LPRA sec. 8984; *Universal Ins. v. Popular Auto*, 207 DPR 228, 238 (2021); *NHIC et al. v. García Passalacqua et al.*, 206 DPR 105 (2021). Nuestro Código Civil define el contrato como aquel "negocio jurídico bilateral por el cual dos o más partes expresan su consentimiento en la forma provista por ley, para crear, regular modificar o extinguir obligaciones". Art. 1230 del Código Civil de Puerto Rico, 31 LPRA sec. 9751; *Amador v. Conc. Igl. Univ. de Jesucristo*, 150 DPR 571, 581 (2000). El contrato se perfecciona desde que las partes manifiestan su consentimiento sobre el objeto y la causa, es decir, cuando median el objeto, consentimiento y causa. Art. 1237 del Código Civil de Puerto Rico, 31 LPRA sec. 9771; *Pérez Rodríguez v. López Rodríguez et at.*, 210 DPR 163, 186 (2022).

No obstante, lo anterior no aplica en los casos en que sea requerido el cumplimiento de una formalidad solemne o cuando se pacta una condición suspensiva. Art. 1237 del Código Civil de Puerto Rico, 31 LPRA sec. 9771. En nuestro ordenamiento jurídico se ha reconocido el principio de libertad de contratación, que faculta a las partes a contratar o no hacerlo con determinada persona, así como pactar los términos y condiciones que tengan por conveniente. Art. 1232 del Código Civil de Puerto Rico, 31 LPRA sec. 9753; *Pérez Rodríguez v. López Rodríguez et at.*, supra, pág. 187; *Burgos López et al. v. Condado Plaza*, 193 DPR 1, 7-8 (2015); *Arthur Young & Co. v. Vega III*, 136 DPR 157 (1994). Sin embargo, tal libertad no es infinita, puesto que, las partes podrán acordar cualquier cláusula que no sea contraria a la ley, a la moral o al orden público. Art. 1232 del Código Civil de Puerto Rico, 31 LPRA sec. 9753; *Burgos López et al. v. Condado Plaza*, supra, págs. 7-8; *Oriental Bank v. Perapi*, 192 DPR 7, 15 (2014). Una vez se perfecciona el contrato, lo acordado en este tiene fuerza de ley entre las partes, ante sus sucesores y ante terceros en la forma que dispone la ley. Art. 1233 del Código Civil de Puerto Rico, 31 LPRA sec. 9754. Finalmente, los tribunales estamos facultados para velar por el cumplimiento de los contratos, y no debemos relevar a una parte del cumplimiento de su obligación contractual cuando tal contrato sea legal, válido y no contenga vicio alguno. *Mercado, Quilichini v. UCPR*, 143 DPR 627 (1997).

Esbozada la norma jurídica que enmarca la controversia de epígrafe, procedemos a aplicarla al recurso ante nos.

**III**

En su comparecencia ante este foro revisor, el recurrente nos solicita que revoquemos la determinación del DACo, entre otras cosas. En apoyo a su solicitud, le imputa al ente administrativo el haber cometido cinco (5) errores. Adelantamos que no le asiste la razón.

En su *primer* y *segundo* señalamientos de error, el recurrente nos plantea que erró el DACo al: 1) no admitir evidencia pertinente y material presentada durante la vista administrativa y 2) al no considerar el informe oficial de la Policía que demuestra la operación ilegal de concesionario. Por estar intrínsecamente relacionados, procederemos a discutir ambos señalamientos de error de manera conjunta.

De entrada, puntualizamos que, la parte recurrente no discutió en su recurso **ninguno** de los errores señalados. En lo pertinente, la Regla 59 (f) del Reglamento del Tribunal de Apelaciones dispone que el recurso de revisión deberá contener, entre otros asuntos:

[…]

**(f) Una discusión de los errores señalados, incluyendo las disposiciones de ley y la jurisprudencia aplicables.**

[…]

En cuanto al *primer señalamiento* de error, la parte recurrente se circunscribe a hacer una alegación general, respecto a que el ente administrativo recurrido incidió al no admitir evidencia pertinente y material sin hacer una alusión específica a qué prueba se refiere. Más aún, luego de una revisión minuciosa de la transcripción de la prueba oral sometida ante este foro revisor, no identificamos ningún ofrecimiento de prueba realizada por el recurrente a esos efectos. La única prueba que el recurrente intentó incluir fue una querella de la policía, sobre la presunta operación del negocio del recurrido sin tener las licencias vigentes.  Sobre este particular, abundaremos en la discusión del segundo error señalado.

Respecto al *segundo señalamiento* de error, entiéndase, a la alegación de que el DACo no consideró el informe de la Policía, lo cierto es que el recurrente nunca solicitó que se admitiera en evidencia ni tampoco hizo un ofrecimiento de prueba, a los fines de

preservar su derecho a que el mismo se admitiera eventualmente en revisión por este foro revisor. Si bien la parte recurrente mencionó el aludido informe mientras vertía su testimonio, el representante legal de la parte recurrida objetó dicho informe por considerarlo impertinente. En lo pertinente, la transcripción de la prueba oral refleja lo siguiente:

SR. HERNÁNDEZ ÁGUILA

[........]. Y también tengo que agregar, Su Señoría, con todo respeto, que este dealer -cuando hicimos las investigaciones-... al momento de venderme este vehículo, este dealer no contaba con licencias ni permisos para operar en el dealer. Tengo un documento aquí, que se lo puedo entregar a... al abogado y a usted, Su Señoría, pa' que lo tengan. Es una querella de la Policía, donde la Policía...

LCDO. VALENTÍN RIVERA

Su Señoría, tenemos objeción a ese documento por ser impertinente a la reclamación.

OFICIAL EXAMINADOR

¿Fundamento?

LCDO. VALENTÍN RIVERA

Impertinente, Su Señoría.

SR. HERNÁNDEZ ÁGUILA

Su Señoría, pero...

LCDO. VALENTÍN RIVERA

No es pertinente a la reclamación.

SR. HERNÁNDEZ ÁGUILA

Pero...

LCDO. VALENTÍN RIVERA

Porque le... él quiere pre... primero, que quiere presentar un documento que no tiene que ver con los hechos de este caso, (1). Segundo, este, estamos hablando de...

OFICIAL EXAMINADOR

Con lo que está en la querella.

LCDO. VALENTÍN RIVERA

... de documento que no tiene que ver con lo que está en la querella, porque... (ininteligible).

SR. HERNÁNDEZ ÁGUILA

Su Señoría, pero yo le... yo... yo... yo también tengo que objetar lo que dice el abogado, porque si -como me explicó la Policía- si él... él hubiese si... él hubiese seguido las reglas, verdad, y hubiese citado la ley de DACO y la ley de... del Gobierno, ese dealer no podía operar en la fecha... en la fecha que él me vendió el vehículo. Y a lo mejor no estuviéramos aquí. O sea, que él no tenía permisos para operar en el dealer el día que me vendió la guagua; yo entiendo que es pertinente. Porque al no tener los permisos, verdad, si a lo mejor...

OFICIAL EXAMINADOR

¿Y le llevó eso usted a la Policía o al Departamento de... de... Transportación y Obras Públicas?

SR. HERNÁNDEZ ÁGUILA

No, Su Señoría, eso...

OFICIAL EXAMINADOR

Que esa es la...

SR. HERNANDEZ ÁGUILA

Eso es lo que me dijeron...

OFICIAL EXAMINADOR

... agencia que... que regula los... los dealers de vehículos y la fianza de dealers y eso. ¿Pero llevó usted eso allá a ellos?

SR. HENÁNDEZ ÁGUILA

¿A... a dónde, Su Señoría?

OFICIAL EXAMINADOR

Al Departamento de Transportación; aquí en Arecibo hay una oficina.

LCDO. VALENTÍN RIVERA

Su Señoría, que entregue el documento.

SR. HENÁNDEZ ÁGUILA

Bueno, Su Señoría, realmente...

OFICIAL EXAMINADOR

No, no, que se... se lo dé a usted.

LCDO. VALENTÍN RIVERA

Sí, pero... (ininteligible).

SR. HERNÁNDEZ ÁGUILA

Su Señoría, realmente, este, no se lo entregué a nadie. Pensé que era pertinente que usted supera...

OFICIAL EXAMINADOR

DACO no... no reglamenta los dealers en cuanto a la licencia y la fianza; es el Departamento de Transportación.

SR. HERNÁNDEZ ÁGUILA

¡Ah! pues ya lo sé. Ahí es que tengo que ir a llevarlo.

OFICIAL EXAMINADOR

Sí.

SR. HERNÁNDEZ ÁGUILA

Ahí es que tengo que llevarlo entonces, Su Señoría.

OFICIAL EXAMINADOR

Y la... y la cuestión si tenía o no li... licencia, eso le llaman una certificación negativa que tendría que expedir el Departamento de... Transportación, una ce... certificación ne... negativa...

SR. HERNÁNDEZ ÁGUILA

Negativa, una certificación.

OFICIAL EXAMINADOR

... de... de licencia.

SR. HENÁNDEZ ÁGUILA

Negativa. Okay.

OFICIAL EXAMINADOR

Si es que esa es la controversia.

SR. HERNÁNDEZ ÁGUILA

Si no, es el Departamento de Hacienda me imagino, verdad, Su Señoría.

OFICIAL EXAMINADOR

Departamento de Transportación y Obras...

SR. HERNANDEZ ÁGUILA

Transportación

OFICIAL EXAMINADOR

La... la... la división de licenciamiento de los dealers y la... y la fianza.

SR. HERNÁNDEZ ÁGUILA

Okay. ¿Dónde me dijo, Su Señoría?

OFICIAL EXAMINADOR

¿Tiene algo más, señor, pa... para conti...?

SR. HERNÁNDEZ ÁGUILA

No, Su Señoría, hasta... hasta el momento no. [2]

La LPAU es clara en cuanto a la facultad que tiene un Oficial Examinador para excluir, durante una vista, prueba que resulte impertinente a la controversia ventilándose ante el foro administrativo. *Véase* Sección 3.14(c) de la Ley de Procedimiento Administrativos Uniformes del Gobierno de Puerto Rico, 3 LPRA sec. 9653. La prueba que pretendía incluir el recurrente, a los fines de alegar que el recurrido operaba su negocio sin los correspondientes permisos, resultaba impertinente a la controversia alegada en la querella: si el recurrido no había reparado el vehículo que le compró el recurrente. La impertinencia de dichos documentos resulta aún más patente al considerar el intercambio acaecido durante vista, transcrito anteriormente. Al ser prueba impertinente, el Oficial Examinador estaba facultado para excluirla. En virtud de lo antes

---

[2] Véase Transcripción de Vista Administrativa, págs. 23-27.

expuesto, colegimos que no se cometieron los primeros dos señalamientos de error.

Como tercer señalamiento de error, la parte recurrente esgrimió que, el DACo erró al: no aplicar el Reglamento del Vehículo Sustituto. Particularmente, el recurrente aduce que, el DACo erró al no aplicar el Reglamento del Vehículo Sustituto sin fundamentar de modo alguno dicho planteamiento. Es preciso dejar meridianamente claro que no existe tal cosa como el Reglamento del Vehículo Sustituto.

Es importante destacar que, este asunto fue traído por el recurrente por primera vez, en su escrito de reconsideración ante el foro administrativo. Conforme surge del expediente, de la Resolución en Reconsideración se desprende lo siguiente:

> En cuanto a la alegación primera de la reconsideración de que "el dealer no pagó ni me prestó un auto sustituto durante el tiempo que estuvo en reparaciones como lo exige el reglamento del DACO. Se reconoce el derecho de todo consumidor de que el dealer vendedor de autos usados **le provea un vehículo** para su transportación de transmisión similar, siempre y cuando transcurran en exceso de cinco (5) días calendarios laborables en reparación. Regla 28 del Reglamento de Garantías de Vehículos de Motor del DACO, Expediente 7159. Al evaluar la querella presentada el 19 de mayo de 2025, de la misma **no se desprende argumento o alegación alguna** dirigida al asunto de que no le prestaron un vehículo sustituto. Tampoco consta enmienda a querella conteniendo dicha alegación. Por tanto, se da por no presentada ni alegada, ya que no se puede presentar por primera vez una alegación en reconsideración. Se declara No Ha Lugar.

Al examinar minuciosamente la aludida querella presentada ante el DACO por el recurrente, notamos que, en efecto, de la misma no surge reclamo alguno respecto al vehículo sustituto. Además, y a pesar de defecto señalado, de un examen del expediente, se desprende que el recurrente no tiene razón. Como bien señaló DACo, dicho reglamento exige que el vendedor de autos *provea un vehículo de transportación similar*. De la transcripción de la vista administrativa surge que el recurrente le había ofrecido un vehículo

al recurrido, pero que este último se negó a recibirlo.[3] No es correcto alegar que se incumplió con las normativas reglamentarias del DACo, cuando el recurrido le ofreció al recurrente la alternativa que disponía el reglamento. Por lo tanto, no incidió la agencia recurrida en su dictamen.

Habiendo resuelto lo anterior, corresponde atender los errores cuatro y cinco. En su cuarto señalamiento de error, el recurrente señala que erró DACo al no declarar la nulidad del contrato, "pese a las violaciones sustanciales y la persistencia del defecto". No le asiste la razón.

En el caso ante nuestra consideración, el DACo resolvió que dicha alegación no surge de la *Querella* ni de ninguna enmienda sometida posteriormente. Un examen del expediente y de la *Querella* sometida confirma la conclusión del DACo. Además, al evaluar la prueba presentada, colegimos que, como bien resolvió el DACo, la parte recurrente no logró demostrar que el vehículo tuviese defectos que imposibilitaran su uso y disfrute, ni que conllevaran un riesgo a la seguridad pública ni del conductor. Tampoco demostró que, el vehículo mostrara defectos que impactaran de forma negativa el valor del mismo.

El recurrente en su *Querella* sí solicitó la resolución del contrato. Igualmente, no procede este remedio, en la medida en que, no estuvieron presentes los requisitos dispuestos por nuestro ordenamiento jurídico. El Reglamento 7159, *supra*, dicta que, en casos donde el vendedor de un vehículo no pudiera o no quisiera reparar cualquier defecto que tuviera el auto vendido, transcurrido un tiempo razonable, el DACo puede ordenar la resolución del contrato. Nótense los dos (2) requisitos reglamentarios: (1) tiempo

---

[3] Transcripción de Vista Administrativa, págs. 81-83.

razonable y (2) incapacidad o falta de voluntad para reparar el vehículo.

La determinación de tiempo razonable le corresponde a la agencia, lo cual sucedió en este caso, habiéndose dictado un término para la reparación del carro en la *Resolución* recurrida. Además, del expediente no se desprende que los vendedores se hubieran negado a corregir el defecto del vehículo. De estos ser incapaces de corregirlo, la *Resolución* recurrida disponía un procedimiento ulterior y una sanción por incumplimiento. Por ende, no se dieron los requisitos reglamentarios para la resolución del contrato. Por todo lo anterior, no se cometió el cuarto señalamiento de error.

Finalmente, en su quinto señalamiento de error, el recurrente alega que erró el DACo al imponerle la carga de contratar un perito adicional. No le asiste la razón.

Dicha descripción de lo ordenado por el DACo resulta contraria al contenido de la *Resolución* de la agencia administrativa. Dicho dictamen establecía un procedimiento que ambas partes debían seguir. En primer lugar, ordenaba al recurrente a entregar el vehículo al recurrido, de modo que este pudiera repararlo. En segundo lugar, establece la *Resolución,* que, de permanecer inconforme con el trabajo realizado por el recurrido, el recurrente tendría que presentar un informe pericial dentro de un término de treinta (30) días, demostrando el problema persistente con el auto. Dicha ordenanza no constituye una carga adicional, debido a que, de todas formas, le corresponde al recurrente probarle al foro administrativo que el carro se encuentra defectuoso, o que la reparación fue realizada de manera inadecuada. Finalmente, la *Resolución* establece que, de no corregir de forma definitiva el defecto del escape de aceite, los recurridos vendrían obligados a pagar $16,000.00. Como se desprende del lenguaje de la *Resolución* recurrida, la imputación de error de parte del recurrente resulta ser

una mala caracterización de la determinación administrativa. No es correcto afirma que el DACo le hubiera impuesto una carga adicional al informarle que, de volver a señalar que el auto estuviera defectuoso, tendría que presentar prueba a esos fines. En virtud de lo anterior, concluimos que no se cometió el quinto error.

Al amparo de nuestra función revisora, de un minucioso examen del expediente, concluimos que, la determinación de la agencia recurrida estuvo sostenida por evidencia sustancial que obra en el mismo. De igual manera, al analizar las conclusiones de derecho realizadas por la agencia, somos del criterio que, esta actuó dentro del marco de sus facultades estatutarias.

**IV**

Por los fundamentos antes expuestos, se *confirma* la decisión recurrida.

Notifíquese.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones